# EXHIBIT A

22STCV14835

Electronically FILED by Superior Court of California, County of Los Angeles on 05/04/2022 03:21 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Lozano, Deputy Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:** OMNI HOTELS MANAGEMENT
*(AVISO AL DEMANDADO):* CORPORATION, a Delaware corporation;
and DOES 1 through 100, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** CARMEN AQUINO, on behalf
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* of herself and all others
similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Los Angeles<br>111 North Hill Street<br>Los Angeles, California 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>22STCV14835 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Ivan P. Medina, Esq.
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
THE NOURMAND LAW FIRM, APC
8822 West Olympic Boulevard, Beverly Hills, California 90211          (310) 553-3600

Sherri R. Carter Executive Officer / Clerk of Court

| DATE:<br>*(Fecha)* 05/04/2022 | Clerk, by<br>*(Secretario)* R. Lozano | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* OMNI HOTELS MANAGEMENT CORPORATION, A DELAWARE CORPORATION
   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 5-18-2022

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | SUMMONS | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>Westlaw Doc & Form Builder |
|---|---|---|

22STCV14835

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Elihu Berle

Electronically FILED by Superior Court of California, County of Los Angeles on 05/04/2022 03:21 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Lozano,Deputy Clerk

1  Michael Nourmand, Esq. (SBN 198439)
   James A. De Sario, Esq. (SBN 262552)
2  Ivan P. Medina, Esq. (SBN 323360)
   **THE NOURMAND LAW FIRM, APC**
3  8822 West Olympic Boulevard
   Beverly Hills, California 90211
4  Telephone (310) 553-3600
   Facsimile  (310) 553-3603
5
   Attorneys for Plaintiff,
6  CARMEN AQUINO, on behalf of
   herself and all others similarly situated
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9          FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT

10

11 CARMEN AQUINO, on behalf of herself and )   CASE NO.: 22STCV14835
   all others similarly situated             )
12                                           )   CLASS ACTION COMPLAINT FOR
              Plaintiffs,                    )   DAMAGES AND RESTITUTION
13                                           )
                                             )   1.   FAILURE TO PAY OVERTIME
14           v.                              )        WAGES;
                                             )
15 OMNI HOTELS MANAGEMENT               )   2.   FAILURE TO PAY MINIMUM
   CORPORATION, a Delaware corporation;      )        WAGE;
16 and DOES 1 through 100, Inclusive         )
                                             )   3.   FAILURE TO PROVIDE REST
17            Defendants.                     )        PERIODS;
                                             )
18                                           )   4.   FAILURE TO PROVIDE MEAL
                                             )        PERIODS;
19                                           )
                                             )   5.   FAILURE TO PAY ALL WAGES
20                                           )        UPON TERMINATION;
                                             )
21                                           )   6.   FAILURE TO PROVIDE
                                             )        ACCURATE WAGE
22                                           )        STATEMENTS; and
                                             )
23                                           )   7.   UNFAIR COMPETITION
                                             )
24 _____ )       DEMAND FOR JURY TRIAL

25         COMES NOW plaintiff CARMEN AQUINO (hereinafter "Ms. Aquino" and/or "Plaintiff")

26 on behalf of herself and all others similarly situated, and alleges as follows:

27 ///

28 ///

CLASS ACTION COMPLAINT

## GENERAL ALLEGATIONS

### INTRODUCTION

1. This is a Class Action, pursuant to California <u>Code of Civil Procedure</u> §382, on behalf of Plaintiff and all other current and former similarly situated employees employed by or formerly employed by OMNI HOTELS MANAGEMENT CORPORATION ("Omni Hotels" and any subsidiaries or affiliated companies hereinafter collectively referred to as "Defendants") within the State of California.

2. For at least four (4) years prior to the filing of this action and through to the present, Defendants have had a pattern and practice of failing to pay wages, including overtime wages, on multiple occasions to Plaintiff and other non-exempt employees in the State of California for off-the-clock work, such as submitting to required COVID-19 temperature checks prior to clocking-in and donning and doffing required work uniforms prior to and after clocking-in and out.

3. For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have had a pattern and practice of failing on multiple occasions to provide Plaintiff and other similarly situated employees or former employees within the State of California rest periods of at least ten (10) minutes per four (4) hours worked or major fraction thereof and failing to provide compensation for such unprovided rest periods as required by California wage and hour laws.

4. For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have had a pattern and practice of failing on multiple occasions to provide Plaintiff and other similarly situated employees or former employees within the State of California a thirty (30) minute uninterrupted meal period for days on which the employees worked more than five (5) hours in a workday and a second thirty (30) minute uninterrupted meal periods for days on which the employees worked in excess of ten (10) hours in a work day, and failing to provide compensation for such unprovided meal periods as required by California wage and hour laws.

///
///

CLASS ACTION COMPLAINT

5.     For at least three (3) years prior to the filing of this action and continuing through the present, Defendants on multiple occasions have failed to pay Plaintiff and other similarly situated employees the full amount of their wages owed to them upon termination and/or resignation as required by Labor Code §§ 201 or 202.

6.     For at least one (1) year prior to the filing of this action and continuing through the present, Defendants on multiple occasions have failed to issue Plaintiff and other similarly situated employees accurate itemized wage statements as required by Labor Code § 226.

7.     Plaintiff, on behalf of herself and all other similarly situated employees, brings this action pursuant to, including but not limited to, California Labor Code §§ 200, 201, 202, 203, 226, 226.7, 510, 512, 1194, 1194.2, 1197, and California Code of Regulations, Title 8, §11070, seeking unpaid overtime and minimum wages, failure to pay premium wages for non-compliant rest and meal periods, penalties, and reasonable attorney's fees and costs.

8.     Plaintiff, on behalf of herself and all other similarly situated employees, pursuant to California Business & Professions Code §§17200-17208 also seeks all monies owed but withheld and retained by Defendants to which Plaintiff and members of the Class are entitled.

## PARTIES

### A.   Plaintiff

9.     Venue as to each defendant is proper in this judicial district pursuant to California Code of Civil Procedure §395. Defendants operate and do business in California, and each defendant is within the jurisdiction of this court for service of process purposes. The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within the State of California. Defendants employ numerous Class Members in the State of California.

10.    Plaintiff, Ms. Aquino, is a resident of the State of California. At all relevant times herein, Plaintiff has been employed by Defendants as a non-exempt employee in California.

### B.   Defendants

11.    Defendant, Omni Hotels, is a Delawre corporation doing business within the State of California. Omni Hotels employed Plaintiff and similarly situated non-exempt employees within the State of California.

12.     The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff, who therefore sues defendants by such fictitious names under Code of Civil Procedure §474. Plaintiff is informed and believes, and based thereon alleges, that each of the defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known.

13.     Plaintiff is informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent to this action as the agent of the other defendant, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants.

**FACTUAL BACKGROUND**

14.     Plaintiff and other similarly situated employees have not been paid wages, including overtime wages, for all time worked on multiple occasions, as a result of Defendants requiring employees to work off-the-clock, such as submitting to required COVID-19 temperature checks prior to clocking-in and donning and doffing required work uniforms prior to and after clocking-in and out.

15.     Defendants have had a consistent policy of failing to provide Plaintiff and other similarly situated employees or former employees within the State of California rest periods of at least ten (10) minutes per four (4) hours worked or major fraction thereof and failing to provide compensation for such unprovided rest periods as required by California wage and hour laws.

16.     Defendants have had a pattern and practice of on multiple occasions failing to provide Plaintiff and other similarly situated employees or former employees within the State of California a thirty (30) minute uninterrupted meal period for days on which the employees worked more than five (5) hours in a workday and a second thirty (30) minute uninterrupted meal periods for days on which the employees worked in excess of ten (10) hours in a work day, and on multiple occasions failing to provide compensation for such unprovided meal periods.

///

CLASS ACTION COMPLAINT

17.  Plaintiff and other similarly situated employees or former employees at all times pertinent hereto were not exempt from the overtime provision of California law and the implementing rules and regulations of the IWC California Wage Orders.

18.  Defendants have failed to comply with Labor Code §226(a) by, on multiple occasions, not providing itemized wage statements accurately showing, including but not limited to, total hours worked during the pay period and pay due and owing for failure to pay wages as described herein.

19.  At the time Plaintiff's employment and the employment of other former employees of Defendants ended, Defendants willfully failed to pay overtime wages, minimum wages, and rest and meal period premiums in lieu of each unprovided rest and meal period.

## CLASS ACTION ALLEGATIONS

20.  Plaintiff brings this action on behalf of herself, and all others similarly situated, as a class action pursuant to California Code of Civil Procedure §382.  Plaintiff seeks to represent five Classes composed of and defined as follows:

**Non-Exempt Employee Class**

All current and former employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class (collectively referred to as "Non-Exempt Employee Class").

**Rest Period Class**

All current and former employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class, who worked shifts of 4 hours or more (collectively referred to as "Rest Period Class").

**Meal Period Class**

All current and former employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class, who worked shifts of 5 hours or more (collectively referred to as "Meal Period Class").

**Late Pay Class**

All former employees of Defendants within the State of California at any time commencing three (3) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class, who did not receive all their wages upon termination and or resignation of their employment (collectively

CLASS ACTION COMPLAINT

1    referred to as "Late Pay Class").

2    **Wage Statement Class**

3    All current and former employees of Defendants within the State of California, to
     whom, at any time commencing one (1) year preceding the filing of Plaintiff's
4    complaint up until the time that notice of the class action is provided to the class,
     were provided with wage statements (collectively referred to as "Wage Statement
5    Class").

6    21.   Plaintiff reserves the right under California <u>Rules of Court</u> Rule 3.765(b), to amend

7    or modify the class description with greater specificity or further division into subclasses or

8    limitation to particular issues.

9    22.   This action has been brought and may properly be maintained as a class action

10   under the provisions of California <u>Code of Civil Procedure</u> §382 because there is a well-defined

11   community of interest in the litigation and the proposed Class is easily ascertainable.

12   **A.   Numerosity**

13   23.   The potential members of the Class as defined are so numerous that joinder of all

14   the members of the Class is impracticable.  While the precise number of Class Members has not

15   been determined at this time, Plaintiff is informed and believes that there are over 100 Class

16   Members employed by Defendants within the State of California.

17   24.   Accounting for employee turnover during the relevant periods necessarily increases

18   this number.  Plaintiff alleges Defendants' employment records would provide information as to

19   the number and location of all Class Members.  Joinder of all members of the proposed Class is not

20   practicable.

21   **B.   Commonality**

22   25.   There are questions of law and fact common to Class Members.  These common

23   questions include, but are not limited to:

24   (1)   Did Defendants violate <u>Labor Code</u> §1194 by not compensating Class

25   Members overtime wages?

26   (2)   Did Defendants violate <u>Labor Code</u> §§1194 and 1197 by not paying Class

27   Members minimum wages for all hours worked?

28   ///

6

CLASS ACTION COMPLAINT

(3)     Did Defendants violate <u>Labor Code</u> §512 and applicable Wage Order by not providing Class Members with meal periods?

(4)     Did Defendants violate <u>Labor Code</u> §226.7 by not providing Class Members additional wages for missed or interrupted meal periods?

(5)     Did Defendants violate <u>Labor Code</u> §226.7 by not providing Class Members additional wages at the regular rate of pay for missed or interrupted meal periods?

(6)     Did Defendants violate <u>Labor Code</u> §226.7 by not providing Class Members additional wages at the regular rate of pay for missed rest periods?

(7)     Did Defendants violate <u>Labor Code</u> §§201 and 202 by failing to pay Class Members upon termination or resignation all wages earned?

(8)     Are Defendants liable to Class Members for penalty wages under <u>Labor Code</u> §203?

(9)     Did Defendants violate <u>Labor Code</u> §226(a) by not furnishing Class Members with accurate wage statements?

(10)     Did Defendants violate the Unfair Competition Law, <u>Business and Professions Code</u> §17200, *et seq.*, by its unlawful practices as alleged herein?

(11)     Are Class Members entitled to restitution of penalty wages under <u>Business and Professions Code</u> §17203?

(12)     Are Class Members entitled to attorney's fees?

(13)     Are Class Members entitled to interest?

**C.**     <u>**Typicality**</u>

26.     The claims of Plaintiff herein alleged are typical of those claims which could be alleged by any member of the classes, and the relief sought is typical of the relief which would be sought by each of the members of the classes in separate actions. Plaintiff and all members of the Classes sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as

CLASS ACTION COMPLAINT

1 alleged herein.

2    **D.    Adequacy of Representation**

3         27.    Plaintiff will fairly and adequately represent and protect the interests of the

4 members of the Classes.  Counsel who represents Plaintiff is competent and experienced in

5 litigating wage and hour class actions.

6    **E.    Superiority of Class Action**

7         28.    A class action is superior to other available means for the fair and efficient

8 adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and

9 questions of law and fact common to the Class predominate over any questions affecting only

10 individual members of the Class.  Each member of the Class has been damaged and is entitled to

11 recovery by reason of Defendants' illegal pattern and practice of on multiple occasions failing to

12 pay overtime wages, failing to pay minimum wages, failing to provide rest and meal periods or

13 compensation in lieu thereof, failing to pay all wages due upon termination and/or resignation, and

14 failing to provide accurate itemized wage statements.

15        29.    Class action treatment will allow those similarly situated persons to litigate their

16 claims in the manner that is most efficient and economical for the parties and the judicial system.

17 Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this

18 action that would preclude its maintenance as a class action.

19                              **FIRST CAUSE OF ACTION**

20                         **FAILURE TO PAY OVERTIME WAGES**

21                    **(By Plaintiff and the Class Against All Defendants)**

22        30.    Plaintiff realleges and incorporates by reference all of the allegations contained in

23 the preceding paragraphs of this Complaint as though fully set forth herein.

24        31.    At all times relevant to this complaint, California Labor Code §510 was in effect

25 and provided: "(a) Eight hours of labor constitutes a day's work.  Any work in excess of eight hours

26 in one workday and any work in excess of forty hours in any one workweek . . . shall be

27 compensated at the rate of no less than one and one-half times the regular rate of pay for an

28 employee."  Overtime pay is computed based on the regular rate of pay.  The regular rate

8

**CLASS ACTION COMPLAINT**

1 of pay includes many different kinds of remuneration.  Under California law, the determination of

2 regular rate of pay for purposes of determining overtime pay must include the employee's

3 commissions, bonuses, or other non-hourly compensation.

4      32.   At all times herein mentioned, Plaintiff and Non-Exempt Employee Class, on

5 multiple occasions, worked for Defendants during shifts that consisted of more than eight hours in

6 a work day and/or more than forty hours in a work week and on these multiple occasions

7 employees were not paid overtime wages as a result of Defendants requiring Plaintiff and other

8 California non-exempt employees to undergo COVID-19 temperature checks prior to the start of

9 their shifts and donning and doffing required work uniforms prior to and after clocking-in and out.

10      33.   Accordingly, by requiring Plaintiff and Non-Exempt Employee Class to work in

11 excess of eight hours per day and/or forty hours per week and without properly compensating

12 overtime wages, as described herein, Defendants willfully violated the provisions of Labor Code

13 §1194.

14      34.   As a result of the unlawful acts of Defendants, Plaintiff and the Non-Exempt

15 Employee Class have been deprived of overtime wages in amounts to be determined at trial, and

16 are entitled to recovery of such amounts, plus interest and penalties thereon, and attorney's fees and

17 costs pursuant to Labor Code §§1194 and 1199; Code of Civil Procedure §1021.5; and Civil Code

18 §3287.

19 **SECOND CAUSE OF ACTION**

20 **FAILURE TO PAY MINIMUM WAGES**

21 **(By Plaintiff and the Class Against All Defendants)**

22      35.   Plaintiff realleges and incorporates by reference all of the allegations contained in

23 the preceding paragraphs of this Complaint as though fully set forth herein.

24      36.   At all relevant times, Plaintiff and the members of the Non-Exempt Employee

25 Class were employees of Defendants covered by Labor Code §1197 and applicable Wage Orders.

26      37.   Pursuant to Labor Code §1197 and applicable Wage Orders, Plaintiff and the

27 members of the Non-Exempt Employee Class were entitled to receive minimum wages for all

28 hours worked.

9

38.     At all times herein mentioned, to the extent that Plaintiff and Non-Exempt Employee Class worked for Defendants during shifts that were less than eight hours in a work day and/or less than forty hours in a work week, on multiple occasions, these employees have not been paid minimum wage, such that in the aggregate employees are underpaid wages as a result of Defendants requiring Plaintiff and other California non-exempt employees to undergo COVID-19 temperature checks prior to the start of their shifts and donning and doffing required work uniforms prior to and after clocking-in and out.

39.     Defendants' failure to pay Plaintiff and members of the Non-Exempt Employee Class minimum wages for all hours worked, as described herein, is in violation of <u>Labor Code</u> §1197 and applicable Wage Orders.  As a result of Defendants' pattern and practice, Plaintiff and members of the Non-Exempt Employee Class have suffered damages in an amount, subject to proof, to the extent they were not paid minimum wages for all hours worked.

40.     Pursuant to <u>Labor Code</u> §§1194 and 1194.2, Plaintiff and members of the Non-Exempt Employee Class are entitled to recover the full amount of unpaid minimum wages, prejudgment interest, liquidated damages, reasonable attorney's fees, and costs of suit.

<b>THIRD CAUSE OF ACTION</b>

<b><u>FAILURE TO PROVIDE REST PERIODS</u></b>

<b>(By Plaintiff and the Class Against All Defendants)</b>

41.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

42.     California law and applicable Wage Orders require that employers "authorize and permit" employees to take paid 10 minute rest periods in about the middle of each 4-hour work period "or major fraction thereof."  Accordingly, employees who work shifts of 3 ½ to 6 hours must be provided 10 minutes of paid rest period, employees who work shifts of more than 6 and up to 10 hours must be provided with 20 minutes of paid rest period, and employees who work shifts of more than 10 hours must be provided 30 minutes of paid rest period.  Plaintiff and other members of the Rest Period Class were not provided with requisite rest periods as contemplated under the law.

10

CLASS ACTION COMPLAINT

43. Pursuant to Labor Code §226.7, if an employer fails to provide an employee with a meal period or rest period as provided in the applicable Wage Order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal period or rest period is not provided.

44. By their failure to provide Plaintiff and other members of the Rest Period Class with the rest periods contemplated by California law, and failing to provide compensation for such unprovided rest periods, as alleged above, Defendants willfully violated the provisions of Labor Code §226.7 and applicable Wage Orders.

45. As a result of Defendants' unlawful conduct Plaintiff and the other members of the Rest Period Class have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed for missed rest periods.

46. Plaintiff and the other members of the Rest Period Class are entitled to recover the full amount of their unpaid additional pay for missed rest periods. Pursuant to Code of Civil Procedure §1021.5, Plaintiff and the other members of the Rest Period Class are entitled to recover reasonable attorneys' fees and costs of suit.

47. Pursuant to Civil Code §3287(a), Plaintiff and other members of the Rest Period Class are entitled to recover prejudgment interest on the additional pay owed for missed rest periods.

### FOURTH CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS

### (By Plaintiff and the Class Against All Defendants)

48. Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

49. Pursuant to Labor Code §512, no employer shall employ an employee for a work period of more than five (5) hours without a meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties. Furthermore no employer shall employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes in which the employee is relieved of

11

all of his or her duties.  Plaintiff and other members of the Meal Period Class were on multiple occasions not provided with requisite meal periods as contemplated under the law since employees would be prevented and discouraged by workplace interruptions which caused missed, short and late meal periods.

50.    Pursuant to Labor Code §226.7, if an employer fails to provide an employee with a meal period or rest period as provided in the applicable Wage Order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal period or rest period is not provided.

51.    By their failure to provide Plaintiff and members of the Meal Period Class with the meal periods contemplated by California law, and failing to provide compensation for such unprovided meal periods, as alleged above, Defendants willfully violated the provisions of Labor Code §512 and applicable Wage Orders.

52.    As a result of Defendants' unlawful conduct Plaintiffs and the other members of the Meal Period Class have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed for missed meal periods.

53.    Plaintiff and the other members of the Meal Period Class are entitled to recover the full amount of their unpaid additional pay for missed meal periods.  Pursuant to Code of Civil Procedure §1021.5, Plaintiff and the other members of the Meal Period Class are entitled to recover reasonable attorney's fees and costs of suit.

54.    Pursuant to Civil Code §3287(a), Plaintiff and other members of the Meal Period Class are entitled to recover prejudgment interest on the additional pay owed for missed meal periods.

## FIFTH CAUSE OF ACTION

## FAILURE TO PAY ALL WAGES UPON TERMINATION

### (By Plaintiff and the Class Against All Defendants)

55.    Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

///

CLASS ACTION COMPLAINT

56.   At all relevant times, Plaintiff and other members of the Late Pay Class were employees of Defendants covered by Labor Code §§ 201 and 202.

57.   Pursuant to Labor Code §§201 or 202, Plaintiff and other members of the Late Pay Class were entitled upon termination to timely payment of all wages earned and unpaid prior to termination.  Discharged employees were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination.  Employees who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid at the time of resignation.

58.   Defendants failed to pay Plaintiff and other members of the Late Pay Class all wages earned and unpaid prior to termination in accordance with Labor Code §§201 or 202. Plaintiff and other members of the Late Pay Class are informed and believe and thereon allege that within the applicable limitations period, Defendants on multiple occasions had a pattern and practice of not paying upon termination, the wages owed to them as a consequence of failing to pay non-exempt employees for earned wages, as described herein.

59.   Defendants' failure to pay Plaintiff and members of the Late Pay Class all wages earned prior to termination in accordance with Labor Code §§201 and 202 was wilful.  Defendants had the ability to pay all wages earned by Plaintiff and other members of the Late Pay Class at the time of termination in accordance with Labor Code §§201 and 202, but intentionally adopted policies or practices incompatible with the requirements of Labor Code §§201 and 202.

60.   Pursuant to Labor Code §§201 and 202, Plaintiff and other members of the Late Pay Class are entitled to all wages earned prior to termination that Defendants failed to pay them.

61.   Pursuant to Labor Code §203, Plaintiff and other members of the Late Pay Class are entitled to penalty wages from the date their earned and unpaid wages were due upon termination until fully paid, up to a maximum of 30 days.

62.   As a result of Defendants' unlawful conduct, Plaintiff and other members of the Late Pay Class have suffered damages in an amount subject to proof, to the extent they were not paid for all wages earned prior to termination.

13

CLASS ACTION COMPLAINT

63.    As a result of Defendants' unlawful conduct Plaintiff and the other members of the Late Pay Class have suffered damages in an amount subject to proof, to the extent they were not paid all penalty wages owed under Labor Code §203.

64.    Pursuant to Labor Code §§218 and 218.5, Plaintiff and the other members of the Late Pay Class are entitled to recover the full amount of their unpaid wages, penalty wages under Labor Code §203, reasonable attorney's fees, and costs of suit.  Pursuant to Labor Code §218.6 or Civil Code §3287(a), Plaintiff and the other members of the Late Pay Class are entitled to recover prejudgment interest on the amount of their unpaid wages and unpaid penalty wages.

## SIXTH CAUSE OF ACTION

## FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

### (By Plaintiff and the Class Against All Defendants)

65.    Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

66.    At all relevant times, Plaintiff and the other members of the Wage Statement Class were employees of Defendants covered by Labor Code § 226.

67.    Pursuant to Labor Code § 226(a), Plaintiff and the other members of the Wage Statement Class were entitled to receive, semi-monthly or at the time of each payment of wages, an accurate itemized statement showing gross wages earned, net wages earned, all applicable hourly rates in effect during the pay period, and the corresponding number of hours worked at each hourly rate by the employee.

68.    Defendants failed to provide Plaintiff and the other members of the Wage Statement Class accurate itemized wage statements in accordance with Labor Code § 226(a).

69.    Plaintiff and the other members of the Wage Statement Class are informed and believe and thereon allege that at all relevant times, Defendants maintained and continue to maintain a policy and practice of issuing wage statements that do not show, including but not limited to, all hours worked and all earned wages and pay due for all hours worked at applicable rates of pay.  Defendants' practices resulted and continue to result in, the issuance of Wage Statements to Plaintiff and other members of the Class that do not comply with the itemization

14

1 requirements.

2      70.    Defendants' failure to provide Plaintiff and other members of the Wage Statement

3 Class with accurate Wage Statements was knowing and intentional.  Defendants had the ability to

4 provide Plaintiff and the other members of the Wage Statement Class with accurate Wage

5 Statements, but intentionally provided wage statements that Defendants knew were not accurate.

6      71.    As a result of Defendants' unlawful conduct, Plaintiff and the other members of the

7 Wage Statement Class have suffered injury.  The absence of accurate information on their wage

8 statements has delayed timely challenge to Defendants' unlawful pay practices, requires discovery

9 and mathematical computations to determine the amount of wages owed, causes difficulty and

10 expense in attempting to reconstruct time and pay records, and led to submission of inaccurate

11 information about wages and amounts deducted from wages to state and federal government

12 agencies.

13      72.    Pursuant to Labor Code § 226(e) Plaintiff and other members of the Wage

14 Statement Class are entitled to recover $50 for the initial pay period during the period in which

15 violation of Labor Code § 226 occurred and $100 for each violation of Labor Code § 226 in a

16 subsequent pay period, not to exceed an aggregate penalty of $4,000 per employee.

17      73.    Pursuant to Labor Code § 226(e) and § 226(g), Plaintiff and the other members of

18 the Wage Statement Class were entitled to recover the full amount of penalties due under Labor

19 Code §226(e) reasonable attorney's fees and costs of suit.

20                             **SEVENTH CAUSE OF ACTION**

21                               **UNFAIR COMPETITION**

22               **(By Plaintiff and Class Members Against All Defendants)**

23      74.    Plaintiff realleges and incorporates by reference all of the allegations contained in

24 the preceding paragraphs of this Complaint as though fully set forth herein.

25      75.    The unlawful conduct of Defendants alleged herein constitutes unfair competition

26 within the meaning of Business & Professions Code § 17200.  Due to their unlawful business

27 practices in violation of the Labor Code, Defendants have gained a competitive advantage over

28 other comparable companies doing business in the state of California that comply with their

15

1  obligations to compensate employees in accordance with the <u>Labor Code</u>.

2      76.    As a result of Defendants' unfair competition as alleged herein, Plaintiff and

3  similarly situated Class Members have suffered injury in fact and lost money or property.  Plaintiff

4  and similarly situated Class Members have been deprived from not being compensated overtime

5  wages, from not being compensated minimum wages, from not receiving rest and meal periods or

6  compensation in lieu thereof, from receiving all earned wages upon termination, and from

7  receiving accurate wages statements.

8      77.    Pursuant to <u>Business & Professions Code</u> § 17203, Plaintiff and similarly situated

9  Class Members are entitled to restitution of all wages and other monies owed to them under the

10  <u>Labor Code</u>, including interest thereon, in which they had a property interest which Defendants

11  failed to pay them but withheld and retained for themselves.  Restitution of the money owed to

12  Plaintiff and similarly situated Class Members is necessary to prevent Defendants from becoming

13  unjustly enriched by their failure to comply with the <u>Labor Code</u>.

14      78.    Plaintiff and similarly situated Class Members are entitled to recover reasonable

15  attorneys' fees in connection with their unfair competition claims pursuant to Code of <u>Civil</u>

16  <u>Procedure</u> § 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

17  **<u>PRAYER</u>**

18  WHEREFORE, on behalf of herself and all others similarly situated, Plaintiff prays for

19  judgment against Defendants as follows:

20      A.    An order certifying that Plaintiff may pursue her claims against Defendants as a

21  class action on behalf of the Class Members;

22      B.    An order appointing Plaintiff as Class representative and appointing Plaintiff's

23  counsel as class counsel;

24      C.    Penalties for inaccurate wage statements under <u>Labor Code</u> §226(e);

25      D.    Damages for unpaid wages under <u>Labor Code</u> §§201 or 202;

26      E.    Damages for unpaid penalty wages under <u>Labor Code</u> §203;

27      F.    Damages for unpaid wages for missed and/or non-compliant meal periods under

28      <u>Labor Code</u> §226.7;

CLASS ACTION COMPLAINT

G.  Damages for unpaid wages for missed and/or non-compliant rest periods under Labor Code §226.7;

H.  Damages for minimum wages;

I.  Damages for premium wages;

J.  Liquidated damages for unpaid minimum wages;

K.  Damages for unpaid overtime wages under Labor Code §1194;

L.  Restitution under Business and Professions Code §17203;

M.  Pre-judgment interest;

N.  Costs;

O.  Reasonable attorney's fees; and

P.  Such other and further relief as the Court deems just and proper

DATED: May 4, 2022                    THE NOURMAND LAW FIRM, APC

                        By:   _____
                              Michael Nourmand, Esq.
                              James A. De Sario, Esq.
                              Ivan P. Medina, Esq.
                              Attorneys for Plaintiff

CLASS ACTION COMPLAINT

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 03 2019

Sherri R. Carter, Executive Officer/Clerk

By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )   FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING )
FOR CIVIL )
)
)
)
_____ )

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

    a) **"Bookmark"**  A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

    b) **"Efiling Portal"**  The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

    c) **"Electronic Envelope"**  A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

    d) **"Electronic Filing"**  Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**   An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**   For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**   An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**   A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

   i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii) Bonds/Undertaking documents;

   iii) Trial and Evidentiary Hearing Exhibits

   iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image**.**

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

    i) Depositions;

    ii) Declarations;

    iii) Exhibits (including exhibits to declarations);

    iv) Transcripts (including excerpts within transcripts);

    v) Points and Authorities;

    vi) Citations; and

    vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing.  A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

   a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled.  If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

   b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

      i)   Any printed document required pursuant to a Standing or General Order;

      ii)   Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

      iii)   Pleadings and motions that include points and authorities;

      iv)   Demurrers;

      v)   Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

      vi)   Motions for Summary Judgment/Adjudication; and

      vii)   Motions to Compel Further Discovery.

   c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents.  Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

   a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver.  (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

   b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and  California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

2019-GEN-014-00

1  |11) SIGNATURES ON ELECTRONIC FILING

2  |    For purposes of this General Order, all electronic filings must be in compliance with California

3  | Rules of Court, rule 2.257.  This General Order applies to documents filed within the Civil

4  | Division of the Los Angeles County Superior Court.

5

6  |    This First Amended General Order supersedes any previous order related to electronic filing,

7  | and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8  | Supervising Judge and/or Presiding Judge.

9

10  | DATED:  May 3, 2019



KEVIN C. BRAZILE
Presiding Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 1 1 2011

JOHN A. CLARKE, CLERK

*N. Navarro*

BY NANCY NAVARRO, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| General Order Re Use of Voluntary Efficient Litigation Stipulations ) ) ) ) ) ) | ORDER PURSUANT TO CCP 1054(a), EXTENDING TIME TO RESPOND BY 30 DAYS WHEN PARTIES AGREE TO EARLY ORGANIZATIONAL MEETING STIPULATION |

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation. This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

by Code of Civil Procedure section 1054(a) without further need of a specific court order.

DATED: *May 11, 2011*

Carolyn B. Kuhl, Supervising Judge of the
Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)

 **Superior Court of California, County of Los Angeles**

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may <u>not</u> be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - **JAMS, Inc.** Assistant Manager Reggie Joseph, RJoseph@jamsadr.com (310) 309-6209
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

   **These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

   **NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association
Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:             FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

| Print | Save | | Clear |

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

| Print | Save | | Clear |
|---|---|---|---|

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                        FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐   Request for Informal Discovery Conference
   ☐   Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| Print | Save | | Clear |
|---|---|---|---|

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:   FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

(

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

| Print | Save | | Clear |
|---|---|---|---|

22STCV14835

Electronically FILED by Superior Court of California, County of Los Angeles on 05/04/2022 03:21 PM,Sherri R. Carter, Executive Officer/Clerk of Court, by R. Lozano,Deputy Clerk

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Ivan P. Medina, Esq.                          SBN: 323360<br>THE NOURMAND LAW FIRM, APC<br>8822 West Olympic Boulevard, Beverly Hills, California 90211<br>TELEPHONE NO.:(310) 553-3600     FAX NO. *(Optional):* (310) 553-3603<br>E-MAIL ADDRESS<br>ATTORNEY FOR *(Name):* Plaintiff, Carmen Aquino on behalf of herself and all others similarly situated | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Central District

CASE NAME: Carmen Aquino, et al. v. Omni Hotels Management Corporation, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 22STCV14835 |
| | | | JUDGE:<br>DEPT.: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [X] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [X] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel     e. [ ] Coordination with related actions pending in one or more
        issues that will be time-consuming to resolve              courts in other counties, states, or countries, or in a federal
   c. [X] Substantial amount of documentary evidence              court
                                                                   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* 7
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 4, 2022

Ivan Medina, Esq.
_____              ▶        _____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**