1 Michael Nourmand, Esq. (SBN 198439)
James A. De Sario, Esq. (SBN 262552)
2 Ivan P. Medina, Esq. (SBN 323360)
**THE NOURMAND LAW FIRM, APC**
3 8822 West Olympic Boulevard
Beverly Hills, California 90211
4 Telephone (310) 553-3600
Facsimile  (310) 553-3603
5
Attorneys for Plaintiff,
6 MARIA DEL ROSARIO DELGADO, on behalf of
herself and all others similarly situated
7

8                      THE UNITED STATES DISTRICT COURT

9            FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11 | MARIA DEL ROSARIO DELGADO, on ) | CASE NO.: 2:22-cv-04200-MWF-JC
behalf of herself and all others similarly )
12 situated                                  )
                                             ) FIRST AMENDED CLASS ACTION
13          Plaintiffs,                       ) COMPLAINT FOR DAMAGES AND
                                             ) RESTITUTION:
14                                           )
          v.                                 ) 1.   FAILURE TO PAY OVERTIME
15                                           )      WAGES;
                                             )
16 OMNI HOTELS MANAGEMENT             ) 2.   FAILURE TO PAY MINIMUM
CORPORATION, a Delaware corporation; )      WAGE;
17 and DOES 1 through 100, Inclusive         )
                                             ) 3.   FAILURE TO PROVIDE REST
18          Defendants.                       )      PERIODS;
                                             )
19                                           ) 4.   FAILURE TO PROVIDE MEAL
                                             )      PERIODS;
20                                           )
                                             ) 5.   FAILURE TO PAY ALL WAGES
21                                           )      UPON TERMINATION;
                                             )
22                                           ) 6.   FAILURE TO PROVIDE
                                             )      ACCURATE WAGE
23                                           )      STATEMENTS; and
                                             )
24                                           ) 7.   UNFAIR COMPETITION
                                             )
25 _____ )    DEMAND FOR JURY TRIAL

26          COMES NOW plaintiff MARIA DEL ROSARIO DELGADO (hereinafter "Ms. Delgado"

27 and/or "Plaintiff") on behalf of herself and all others similarly situated, and alleges as follows:

28 ///

                                          1
                    FIRST AMENDED CLASS ACTION COMPLAINT

# GENERAL ALLEGATIONS

## INTRODUCTION

1.      This is a Class Action, pursuant to California <u>Code of Civil Procedure</u> §382, on behalf of Plaintiff and all other current and former similarly situated employees employed by or formerly employed by OMNI HOTELS MANAGEMENT CORPORATION ("Omni Hotels" and any subsidiaries or affiliated companies hereinafter collectively referred to as "Defendants") within the State of California.

2.      For at least four (4) years prior to the filing of this action and through to the present, Defendants have had a pattern and practice of failing to pay wages, including overtime wages, on multiple occasions to Plaintiff and other non-exempt employees in the State of California for off-the-clock work, such as submitting to required COVID-19 temperature checks prior to clocking-in and donning and doffing required work uniforms prior to and after clocking-in and out.

3.      For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have had a pattern and practice of failing on multiple occasions to provide Plaintiff and other similarly situated employees or former employees within the State of California rest periods of at least ten (10) minutes per four (4) hours worked or major fraction thereof and failing to provide compensation for such unprovided rest periods as required by California wage and hour laws.

4.      For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have had a pattern and practice of failing on multiple occasions to provide Plaintiff and other similarly situated employees or former employees within the State of California a thirty (30) minute uninterrupted meal period for days on which the employees worked more than five (5) hours in a workday and a second thirty (30) minute uninterrupted meal periods for days on which the employees worked in excess of ten (10) hours in a work day, and failing to provide compensation for such unprovided meal periods as required by California wage and hour laws.

///

///

///

FIRST AMENDED CLASS ACTION COMPLAINT

5.      For at least three (3) years prior to the filing of this action and continuing through the present, Defendants on multiple occasions have failed to pay Plaintiff and other similarly situated employees the full amount of their wages owed to them upon termination and/or resignation as required by Labor Code §§ 201 or 202.

6.      For at least one (1) year prior to the filing of this action and continuing through the present, Defendants on multiple occasions have failed to issue Plaintiff and other similarly situated employees accurate itemized wage statements as required by Labor Code § 226.

7.      Plaintiff, on behalf of herself and all other similarly situated employees, brings this action pursuant to, including but not limited to, California Labor Code §§ 200, 201, 202, 203, 226, 226.7, 510, 512, 1194, 1194.2, 1197, and California Code of Regulations, Title 8, §11070, seeking unpaid overtime and minimum wages, failure to pay premium wages for non-compliant rest and meal periods, penalties, and reasonable attorney's fees and costs.

8.      Plaintiff, on behalf of herself and all other similarly situated employees, pursuant to California Business & Professions Code §§17200-17208 also seeks all monies owed but withheld and retained by Defendants to which Plaintiff and members of the Class are entitled.

### PARTIES

**A.      Plaintiff**

9.      Venue as to each defendant is proper in this judicial district pursuant to California Code of Civil Procedure §395.  Defendants operate and do business in California, and each defendant is within the jurisdiction of this court for service of process purposes.  The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within the State of California.  Defendants employ numerous Class Members in the State of California.

10.      Plaintiff, Ms. Delgado, is a resident of the State of California. At all relevant times herein, Plaintiff has been employed by Defendants as a non-exempt employee in California.

**B.      Defendants**

11.      Defendant, Omni Hotels, is a Delaware corporation doing business within the State of California. Omni Hotels employed Plaintiff and similarly situated non-exempt employees within the State of California.

///

FIRST AMENDED CLASS ACTION COMPLAINT

1        12.     The true names and capacities, whether individual, corporate, associate, or

2   otherwise, of defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to

3   Plaintiff, who therefore sues defendants by such fictitious names under Code of Civil Procedure

4   §474.  Plaintiff is informed and believes, and based thereon alleges, that each of the defendants

5   designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to

6   herein.  Plaintiff will seek leave of court to amend this Complaint to reflect the true names and

7   capacities of the defendants designated hereinafter as DOES when such identities become known.

8        13.     Plaintiff is informed and believes, and based thereon alleges, that each defendant

9   acted in all respects pertinent to this action as the agent of the other defendant, carried out a joint

10  scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are

11  legally attributable to the other defendants.

**FACTUAL BACKGROUND**

12       14.     Plaintiff and other similarly situated employees have not been paid wages,

13  including overtime wages, for all time worked on multiple occasions, as a result of Defendants

14  requiring employees to work off-the-clock, such as submitting to required COVID-19 temperature

15  checks prior to clocking-in and donning and doffing required work uniforms prior to and after

16  clocking-in and out.

17       15.     Defendants have had a consistent policy of failing to provide Plaintiff and other

18  similarly situated employees or former employees within the State of California rest periods of at

19  least ten (10) minutes per four (4) hours worked or major fraction thereof and failing to provide

20  compensation for such unprovided rest periods as required by California wage and hour laws.

21       16.     Defendants have had a pattern and practice of on multiple occasions failing to

22  provide Plaintiff and other similarly situated employees or former employees within the State of

23  California a thirty (30) minute uninterrupted meal period for days on which the employees worked

24  more than five (5) hours in a workday and a second thirty (30) minute uninterrupted meal periods

25  for days on which the employees worked in excess of ten (10) hours in a work day, and on

26  multiple occasions failing to provide compensation for such unprovided meal periods.

27  ///

28  ///

FIRST AMENDED CLASS ACTION COMPLAINT

1    17.    Plaintiff and other similarly situated employees or former employees at all times

2 pertinent hereto were not exempt from the overtime provision of California law and the

3 implementing rules and regulations of the IWC California Wage Orders.

4    18.    Defendants have failed to comply with <u>Labor Code</u> §226(a) by, on multiple

5 occasions, not providing itemized wage statements accurately showing, including but not limited

6 to, total hours worked during the pay period and pay due and owing for failure to pay wages as

7 described herein.

8    19.    At the time Plaintiff's employment and the employment of other former employees

9 of Defendants ended, Defendants willfully failed to pay overtime wages, minimum wages, and rest

10 and meal period premiums in lieu of each unprovided rest and meal period.

## CLASS ACTION ALLEGATIONS

11    20.    Plaintiff brings this action on behalf of herself, and all others similarly situated,

12 as a class action pursuant to California <u>Code of Civil Procedure</u> §382.  Plaintiff seeks to represent

13 five Classes composed of and defined as follows:

14

**Non-Exempt Employee Class**

15
All current and former employees of Defendants within the State of California at
16 any time commencing four (4) years preceding the filing of Plaintiff's complaint up
until the time that notice of the class action is provided to the class (collectively
17 referred to as "Non-Exempt Employee Class").

18    **Rest Period Class**

19 All current and former employees of Defendants within the State of California at
any time commencing four (4) years preceding the filing of Plaintiff's complaint up
20 until the time that notice of the class action is provided to the class, who worked
shifts of 4 hours or more (collectively referred to as "Rest Period Class").

21
**Meal Period Class**
22
All current and former employees of Defendants within the State of California at
23 any time commencing four (4) years preceding the filing of Plaintiff's complaint up
until the time that notice of the class action is provided to the class, who worked
shifts of 5 hours or more (collectively referred to as "Meal Period Class").
24
**Late Pay Class**
25
All former employees of Defendants within the State of California at any time
26 commencing three (3) years preceding the filing of Plaintiff's complaint up until
the time that notice of the class action is provided to the class, who did not receive
27 all their wages upon termination and or resignation of their employment
(collectively referred to as "Late Pay Class").

28

FIRST AMENDED CLASS ACTION COMPLAINT

**Wage Statement Class**

All current and former employees of Defendants within the State of California, to whom, at any time commencing one (1) year preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class, were provided with wage statements (collectively referred to as "Wage Statement Class").

21.    Plaintiff reserves the right under California <u>Rules of Court</u> Rule 3.765(b), to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

22.    This action has been brought and may properly be maintained as a class action under the provisions of California <u>Code of Civil Procedure</u> §382 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

**A.    Numerosity**

23.    The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable.  While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that there are over 100 Class Members employed by Defendants within the State of California.

24.    Accounting for employee turnover during the relevant periods necessarily increases this number.  Plaintiff alleges Defendants' employment records would provide information as to the number and location of all Class Members.  Joinder of all members of the proposed Class is not practicable.

**B.    Commonality**

25.    There are questions of law and fact common to Class Members.  These common questions include, but are not limited to:

(1)    Did Defendants violate <u>Labor Code</u> §1194 by not compensating Class Members overtime wages?

(2)    Did Defendants violate <u>Labor Code</u> §§1194 and 1197 by not paying Class Members minimum wages for all hours worked?

(3)    Did Defendants violate <u>Labor Code</u> §512 and applicable Wage Order by not providing Class Members with meal periods?

///

6

FIRST AMENDED CLASS ACTION COMPLAINT

(4)     Did Defendants violate <u>Labor Code</u> §226.7 by not providing Class Members additional wages for missed or interrupted meal periods?

(5)     Did Defendants violate <u>Labor Code</u> §226.7 by not providing Class Members additional wages at the regular rate of pay for missed or interrupted meal periods?

(6)     Did Defendants violate <u>Labor Code</u> §226.7 by not providing Class Members additional wages at the regular rate of pay for missed rest periods?

(7)     Did Defendants violate <u>Labor Code</u> §§201 and 202 by failing to pay Class Members upon termination or resignation all wages earned?

(8)     Are Defendants liable to Class Members for penalty wages under <u>Labor Code</u> §203?

(9)     Did Defendants violate <u>Labor Code</u> §226(a) by not furnishing Class Members with accurate wage statements?

(10)    Did Defendants violate the Unfair Competition Law, <u>Business and Professions Code</u> §17200, *et seq.*, by its unlawful practices as alleged herein?

(11)    Are Class Members entitled to restitution of penalty wages under <u>Business and Professions Code</u> §17203?

(12)    Are Class Members entitled to attorney's fees?

(13)    Are Class Members entitled to interest?

**C.    Typicality**

26.     The claims of Plaintiff herein alleged are typical of those claims which could be alleged by any member of the classes, and the relief sought is typical of the relief which would be sought by each of the members of the classes in separate actions.  Plaintiff and all members of the Classes sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged herein.

///

FIRST AMENDED CLASS ACTION COMPLAINT

///

**D.** **Adequacy of Representation**

27. Plaintiff will fairly and adequately represent and protect the interests of the members of the Classes. Counsel who represents Plaintiff is competent and experienced in litigating wage and hour class actions.

**E.** **Superiority of Class Action**

28. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each member of the Class has been damaged and is entitled to recovery by reason of Defendants' illegal pattern and practice of on multiple occasions failing to pay overtime wages, failing to pay minimum wages, failing to provide rest and meal periods or compensation in lieu thereof, failing to pay all wages due upon termination and/or resignation, and failing to provide accurate itemized wage statements.

29. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME WAGES**

**(By Plaintiff and the Class Against All Defendants)**

30. Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

31. At all times relevant to this complaint, California Labor Code §510 was in effect and provided: "(a) Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of forty hours in any one workweek . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." Overtime pay is computed based on the regular rate of pay. The regular rate

FIRST AMENDED CLASS ACTION COMPLAINT

1  of pay includes many different kinds of remuneration.  Under California law, the determination of

2  regular rate of pay for purposes of determining overtime pay must include the employee's

3  commissions, bonuses, or other non-hourly compensation.

4       32.     At all times herein mentioned, Plaintiff and Non-Exempt Employee Class, on

5  multiple occasions, worked for Defendants during shifts that consisted of more than eight hours in

6  a work day and/or more than forty hours in a work week and on these multiple occasions

7  employees were not paid overtime wages as a result of Defendants requiring Plaintiff and other

8  California non-exempt employees to undergo COVID-19 temperature checks prior to the start of

9  their shifts and donning and doffing required work uniforms prior to and after clocking-in and out.

10       33.     Accordingly, by requiring Plaintiff and Non-Exempt Employee Class to work in

11  excess of eight hours per day and/or forty hours per week and without properly compensating

12  overtime wages, as described herein, Defendants willfully violated the provisions of Labor Code

13  §1194.

14       34.     As a result of the unlawful acts of Defendants, Plaintiff and the Non-Exempt

15  Employee Class have been deprived of overtime wages in amounts to be determined at trial, and

16  are entitled to recovery of such amounts, plus interest and penalties thereon, and attorney's fees

17  and costs pursuant to Labor Code §§1194 and 1199; Code of Civil Procedure §1021.5; and Civil

18  Code §3287.

**SECOND CAUSE OF ACTION**

**FAILURE TO PAY MINIMUM WAGES**

**(By Plaintiff and the Class Against All Defendants)**

21       35.     Plaintiff realleges and incorporates by reference all of the allegations contained in

22  the preceding paragraphs of this Complaint as though fully set forth herein.

23       36.     At all relevant times, Plaintiff and the members of the Non-Exempt Employee

24  Class were employees of Defendants covered by Labor Code §1197 and applicable Wage Orders.

25       37.     Pursuant to Labor Code §1197 and applicable Wage Orders, Plaintiff and the

26  members of the Non-Exempt Employee Class were entitled to receive minimum wages for all

27  hours worked.

28

FIRST AMENDED CLASS ACTION COMPLAINT

38.     At all times herein mentioned, to the extent that Plaintiff and Non-Exempt
Employee Class worked for Defendants during shifts that were less than eight hours in a work day
and/or less than forty hours in a work week, on multiple occasions, these employees have not been
paid minimum wage, such that in the aggregate employees are underpaid wages as a result of
Defendants requiring Plaintiff and other California non-exempt employees to undergo COVID-19
temperature checks prior to the start of their shifts and donning and doffing required work uniforms
prior to and after clocking-in and out.

39.     Defendants' failure to pay Plaintiff and members of the Non-Exempt Employee
Class minimum wages for all hours worked, as described herein, is in violation of Labor Code
§1197 and applicable Wage Orders.  As a result of Defendants' pattern and practice, Plaintiff and
members of the Non-Exempt Employee Class have suffered damages in an amount, subject to
proof, to the extent they were not paid minimum wages for all hours worked.

40.     Pursuant to Labor Code §§1194 and 1194.2, Plaintiff and members of the Non-
Exempt Employee Class are entitled to recover the full amount of unpaid minimum wages,
prejudgment interest, liquidated damages, reasonable attorney's fees, and costs of suit.

### THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE REST PERIODS

### (By Plaintiff and the Class Against All Defendants)

41.     Plaintiff realleges and incorporates by reference all of the allegations contained in
the preceding paragraphs of this Complaint as though fully set forth herein.

42.     California law and applicable Wage Orders require that employers "authorize and
permit" employees to take paid 10 minute rest periods in about the middle of each 4-hour work
period "or major fraction thereof."  Accordingly, employees who work shifts of 3 ½ to 6 hours
must be provided 10 minutes of paid rest period, employees who work shifts of more than 6 and up
to 10 hours must be provided with 20 minutes of paid rest period, and employees who work shifts
of more than 10 hours must be provided 30 minutes of paid rest period.  Plaintiff and other
members of the Rest Period Class were not provided with requisite rest periods as contemplated
under the law.

43.     Pursuant to Labor Code §226.7, if an employer fails to provide an employee with a

FIRST AMENDED CLASS ACTION COMPLAINT

meal period or rest period as provided in the applicable Wage Order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal period or rest period is not provided.

44.    By their failure to provide Plaintiff and other members of the Rest Period Class with the rest periods contemplated by California law, and failing to provide compensation for such unprovided rest periods, as alleged above, Defendants willfully violated the provisions of Labor Code §226.7 and applicable Wage Orders.

45.    As a result of Defendants' unlawful conduct Plaintiff and the other members of the Rest Period Class have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed for missed rest periods.

46.    Plaintiff and the other members of the Rest Period Class are entitled to recover the full amount of their unpaid additional pay for missed rest periods.  Pursuant to Code of Civil Procedure §1021.5, Plaintiff and the other members of the Rest Period Class are entitled to recover reasonable attorneys' fees and costs of suit.

47.    Pursuant to Civil Code §3287(a), Plaintiff and other members of the Rest Period Class are entitled to recover prejudgment interest on the additional pay owed for missed rest periods.

**FOURTH CAUSE OF ACTION**

**FAILURE TO PROVIDE MEAL PERIODS**

**(By Plaintiff and the Class Against All Defendants)**

48.    Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

49.    Pursuant to Labor Code §512, no employer shall employ an employee for a work period of more than five (5) hours without a meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.  Furthermore no employer shall employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.  Plaintiff and other members of the Meal Period Class were on multiple occasions not provided with requisite meal periods as contemplated under the law since employees

11

FIRST AMENDED CLASS ACTION COMPLAINT

1  would be prevented and discouraged by workplace interruptions which caused missed, short and

2  late meal periods.

3      50.     Pursuant to Labor Code §226.7, if an employer fails to provide an employee with a

4  meal period or rest period as provided in the applicable Wage Order of the Industrial Welfare

5  Commission, the employer shall pay the employee one additional hour of pay at the employee's

6  regular rate of compensation for each work day that the meal period or rest period is not provided.

7      51.     By their failure to provide Plaintiff and members of the Meal Period Class with the

8  meal periods contemplated by California law, and failing to provide compensation for such

9  unprovided meal periods, as alleged above, Defendants willfully violated the provisions of Labor

10  Code §512 and applicable Wage Orders.

11      52.     As a result of Defendants' unlawful conduct Plaintiffs and the other members of the

12  Meal Period Class have suffered damages in an amount, subject to proof, to the extent they were

13  not paid additional pay owed for missed meal periods.

14      53.     Plaintiff and the other members of the Meal Period Class are entitled to recover the

15  full amount of their unpaid additional pay for missed meal periods.  Pursuant to Code of Civil

16  Procedure §1021.5, Plaintiff and the other members of the Meal Period Class are entitled to recover

17  reasonable attorney's fees and costs of suit.

18      54.     Pursuant to Civil Code §3287(a), Plaintiff and other members of the Meal Period

19  Class are entitled to recover prejudgment interest on the additional pay owed for missed meal

    periods.

20              **FIFTH CAUSE OF ACTION**

21          **FAILURE TO PAY ALL WAGES UPON TERMINATION**

22          **(By Plaintiff and the Class Against All Defendants)**

23      55.     Plaintiff realleges and incorporates by reference all of the allegations contained in

24  the preceding paragraphs of this Complaint as though fully set forth herein.

25      56.     At all relevant times, Plaintiff and other members of the Late Pay Class were

26  employees of Defendants covered by Labor Code §§ 201 and 202.

27      57.     Pursuant to Labor Code §§201 or 202, Plaintiff and other members of the Late Pay

28  Class were entitled upon termination to timely payment of all wages earned and unpaid prior to

FIRST AMENDED CLASS ACTION COMPLAINT

termination.  Discharged employees were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination.  Employees who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid at the time of resignation.

58.     Defendants failed to pay Plaintiff and other members of the Late Pay Class all wages earned and unpaid prior to termination in accordance with Labor Code §§201 or 202. Plaintiff and other members of the Late Pay Class are informed and believe and thereon allege that within the applicable limitations period, Defendants on multiple occasions had a pattern and practice of not paying upon termination, the wages owed to them as a consequence of failing to pay non-exempt employees for earned wages, as described herein.

59.     Defendants' failure to pay Plaintiff and members of the Late Pay Class all wages earned prior to termination in accordance with Labor Code §§201 and 202 was wilful.  Defendants had the ability to pay all wages earned by Plaintiff and other members of the Late Pay Class at the time of termination in accordance with Labor Code §§201 and 202, but intentionally adopted policies or practices incompatible with the requirements of Labor Code §§201 and 202.

60.     Pursuant to Labor Code §§201 and 202, Plaintiff and other members of the Late Pay Class are entitled to all wages earned prior to termination that Defendants failed to pay them.

61.     Pursuant to Labor Code §203, Plaintiff and other members of the Late Pay Class are entitled to penalty wages from the date their earned and unpaid wages were due upon termination until fully paid, up to a maximum of 30 days.

62.     As a result of Defendants' unlawful conduct, Plaintiff and other members of the Late Pay Class have suffered damages in an amount subject to proof, to the extent they were not paid for all wages earned prior to termination.

63.     As a result of Defendants' unlawful conduct Plaintiff and the other members of the Late Pay Class have suffered damages in an amount subject to proof, to the extent they were not paid all penalty wages owed under Labor Code §203.

64.     Pursuant to Labor Code §§218 and 218.5, Plaintiff and the other members of the Late Pay Class are entitled to recover the full amount of their unpaid wages, penalty wages under

FIRST AMENDED CLASS ACTION COMPLAINT

1  Labor Code §203, reasonable attorney's fees, and costs of suit.  Pursuant to Labor Code §218.6 or

2  Civil Code §3287(a), Plaintiff and the other members of the Late Pay Class are entitled to recover

3  prejudgment interest on the amount of their unpaid wages and unpaid penalty wages.

**SIXTH CAUSE OF ACTION**

**FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS**

**(By Plaintiff and the Class Against All Defendants)**

65.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

66.     At all relevant times, Plaintiff and the other members of the Wage Statement Class were employees of Defendants covered by Labor Code § 226.

67.     Pursuant to Labor Code § 226(a), Plaintiff and the other members of the Wage Statement Class were entitled to receive, semi-monthly or at the time of each payment of wages, an accurate itemized statement showing gross wages earned, net wages earned, all applicable hourly rates in effect during the pay period, and the corresponding number of hours worked at each hourly rate by the employee.

68.     Defendants failed to provide Plaintiff and the other members of the Wage Statement Class accurate itemized wage statements in accordance with Labor Code § 226(a).

69.     Plaintiff and the other members of the Wage Statement Class are informed and believe and thereon allege that at all relevant times, Defendants maintained and continue to maintain a policy and practice of issuing wage statements that do not show, including but not limited to, all hours worked and all earned wages and pay due for all hours worked at applicable rates of pay.  Defendants' practices resulted and continue to result in, the issuance of Wage Statements to Plaintiff and other members of the Class that do not comply with the itemization requirements.

70.     Defendants' failure to provide Plaintiff and other members of the Wage Statement Class with accurate Wage Statements was knowing and intentional.  Defendants had the ability to provide Plaintiff and the other members of the Wage Statement Class with accurate Wage Statements, but intentionally provided wage statements that Defendants knew were not accurate.

FIRST AMENDED CLASS ACTION COMPLAINT

71.    As a result of Defendants' unlawful conduct, Plaintiff and the other members of the Wage Statement Class have suffered injury.  The absence of accurate information on their wage statements has delayed timely challenge to Defendants' unlawful pay practices, requires discovery and mathematical computations to determine the amount of wages owed, causes difficulty and expense in attempting to reconstruct time and pay records, and led to submission of inaccurate information about wages and amounts deducted from wages to state and federal government agencies.

72.    Pursuant to Labor Code § 226(e) Plaintiff and other members of the Wage Statement Class are entitled to recover $50 for the initial pay period during the period in which violation of Labor Code § 226 occurred and $100 for each violation of Labor Code § 226 in a subsequent pay period, not to exceed an aggregate penalty of $4,000 per employee.

73.    Pursuant to Labor Code § 226(e) and § 226(g), Plaintiff and the other members of the Wage Statement Class were entitled to recover the full amount of penalties due under Labor Code § 226(e) reasonable attorney's fees and costs of suit.

## SEVENTH CAUSE OF ACTION

## UNFAIR COMPETITION

### (By Plaintiff and Class Members Against All Defendants)

74.    Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

75.    The unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of Business & Professions Code § 17200.  Due to their unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the state of California that comply with their obligations to compensate employees in accordance with the Labor Code.

76.    As a result of Defendants' unfair competition as alleged herein, Plaintiff and similarly situated Class Members have suffered injury in fact and lost money or property.  Plaintiff and similarly situated Class Members have been deprived from not being compensated overtime wages, from not being compensated minimum wages, from not receiving rest and meal periods or

FIRST AMENDED CLASS ACTION COMPLAINT

compensation in lieu thereof, from receiving all earned wages upon termination, and from receiving accurate wages statements.

77. Pursuant to <u>Business & Professions Code</u> § 17203, Plaintiff and similarly situated Class Members are entitled to restitution of all wages and other monies owed to them under the <u>Labor Code</u>, including interest thereon, in which they had a property interest which Defendants failed to pay them but withheld and retained for themselves. Restitution of the money owed to Plaintiff and similarly situated Class Members is necessary to prevent Defendants from becoming unjustly enriched by their failure to comply with the <u>Labor Code</u>.

78. Plaintiff and similarly situated Class Members are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims pursuant to Code of <u>Civil Procedure</u> § 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

## **PRAYER**

WHEREFORE, on behalf of herself and all others similarly situated, Plaintiff prays for judgment against Defendants as follows:

A. An order certifying that Plaintiff may pursue her claims against Defendants as a class action on behalf of the Class Members;

B. An order appointing Plaintiff as Class representative and appointing Plaintiff's counsel as class counsel;

C. Penalties for inaccurate wage statements under <u>Labor Code</u> §226(e);

D. Damages for unpaid wages under <u>Labor Code</u> §§201 or 202;

E. Damages for unpaid penalty wages under <u>Labor Code</u> §203;

F. Damages for unpaid wages for missed and/or non-compliant meal periods under <u>Labor Code</u> §226.7;

G. Damages for unpaid wages for missed and/or non-compliant rest periods under <u>Labor Code</u> §226.7;

H. Damages for minimum wages;

I. Damages for premium wages;

J. Liquidated damages for unpaid minimum wages;

K. Damages for unpaid overtime wages under <u>Labor Code</u> §1194;

16

FIRST AMENDED CLASS ACTION COMPLAINT

1    L.    Restitution under <u>Business and Professions Code</u> §17203;

2    M.    Pre-judgment interest;

3    N.    Costs;

4    O.    Reasonable attorney's fees; and

5    P.    Such other and further relief as the Court deems just and proper

6

7    DATED: September 30, 2022                    THE NOURMAND LAW FIRM, APC

8

9                                        By:    <u>/s/ James A. De Sario</u>
                                                Michael Nourmand, Esq.
                                                James A. De Sario, Esq.
10                                              Ivan P. Medina, Esq.
                                                Attorneys for Plaintiff
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED CLASS ACTION COMPLAINT

1    <u>Carmen Aquino v. Omni Hotels Management Corporation, et al.</u>
     United States District Court - Central District of California Court Case number:
2                        2:22-CV-04200-MWF-JC

3        I, Alejandra Beltran the undersigned, declare that I am employed in the
     County of Los Angeles, State of California.  I am over the age of 18 and not a party
4    to the within entitled action; my business address is 8822 West Olympic Boulevard,
     Beverly Hills, California 90211.
5
         On October 7, 2022, I served the following document(s) described as:
6
     **FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND
7    RESTITUTION**

8    Joel P. Kelly
     JACKSON LEWIS P.C.
9    725 South Figueroa Street, Suite 2500
     Los Angeles, Calilfornia 90017
10

11   Melissa D. Owens
     JACKSON LEWIS P.C.
12   225 Broadway, Suite 2000
     San Diego, California  92101
13
         The above document(s) were served on the interested parties in this action as
14   follows:

15       *All parties identified for Notice of Electronic Filing generated by the Court's
     CM/ECF system under the above-reference case number.*

16       BY ELECTRONIC MAIL:  As follows:  I am readily familiar with our
     office's practice of electronic mail transmission; on this date the document
17   enumerated above was transmitted by electronic mail transmission and that the
     transmission was reported as complete and delivered, and without error.
18
         I declare under penalty of perjury under the laws of the State of California
19   that the above is true and correct and that this Proof of Service was executed on
     October 7, 2022, at Beverly Hills, California.
20

21
                                      */s/Alejandra Beltran*
22                                    Alejandra Beltran

23

24

25

26

27

28

                                        1
[                              PROOF OF SERVICE